## Miller *versus* Holman.

1. J. B. and wife conveyed a tract of land: "Excepting lots No. 2, etc., which have been sold by the said J. B. and wife, and the titles thereto are now vested in other persons, and in which the said J. B. and wife hold no estate." At the time of the conveyance, J. B. was in possession of the whole tract, including said lots, which had never been enclosed and separated from the rest of the tract. The lots reserved had actually been sold to various persons, and conveyances executed, some of which had been delivered, but none of the purchasers took possession. Under the above deed, J. B. delivered possession of the tract to his

[Miller *v.* Holman.]

grantee, as fully as he had held it himself; and this possession continued in the grantee and those claiming under him, down to the time when suit was brought. *Held:* That the heirs of J. B. were not entitled to recover said lots in ejectment against one in possession, who showed title under the grantee of the tract, subject to the said reservations.

ERROR to the Court of Common Pleas of *Chester county.*

*Pennypacker* and *Hurst,* for plaintiff in error.

*Darlington,* for defendant in error.

The facts of the case sufficiently appear from the report of the preceding case, and from the opinion of the court, which was delivered by

LOWRIE, J.—On a former trial of this cause, the plaintiffs showed title in their ancestor, James Bones, and also gave in evidence a conveyance from him to Olwine, dated 14th April, 1831, for a tract of land, which contained the lots in controversy within its limits; but there was a clause in the deed excepting these lots out of the grant, and declaring that "the title thereto is now vested in other persons," having been "heretofore conveyed, and in which said James Bones and wife hold no estate." On the strength of this exception, the Common Pleas ordered a verdict for the defendant, but the judgment thereon was reversed, on the ground, that this was not sufficient evidence of an outstanding title, and that the defendant appeared as a mere intruder.

On the next trial, it appeared, that Bones sold all the lots in controversy, and many others, in 1814, to persons whose names are given; that conveyances were made out for all of them, and that some of them were delivered; that the purchasers did not take possession of their lots, but they remained enclosed with the other land of Bones, and were used by him, as part of his farm, until 1841; that then Bones sold the tract to Olwine, by deed, whereon was contained the above-cited clause of exceptions, and delivered to him the possession as fully as he had held it himself, and that possession has so continued down to this time by Olwine and by the defendant, who shows title under him. This evidence was submitted to the jury, and they found against the claim of the plaintiffs, and we think that they might well do so.

The sale of the lots is not disputed, and there is evidence that they were conveyed. But the vendor kept the possession for seventeen years, and then sold and delivered the tract, subject to the exception referred to. How could Bones, after that, get back the possession of the lots, without showing that he had got back their titles? This he has not done. As against him, Olwine obtained a lawful possession, and was not a mere intruder. It was right, under the circumstances, to understand the

[Richards v. Alden.]

conveyance and delivery to Olwine, as a grant of the whole tract, subject to any claim which the purchasers of lots might thereafter make. Their views make the evidence of James Lysle immaterial.

Judgment affirmed.

KNOX, J., dissented.

BLACK, J., was absent.